STATE OF OREGON,
*Respondent,*

*v.*

BRADLEY DAVID GREEN,
*Appellant.*

(10-90-09676; CA A68310)

833 P2d 311

Peter Gartlan, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Defendant was convicted, in a trial to the court on stipulated facts, of two counts of robbery in the first degree, ORS 164.415, and one count each of carrying a dangerous weapon with intent to use it unlawfully, ORS 166.220, and pointing a firearm at another. ORS 166.190. On the robbery charges, the trial court sentenced him to consecutive terms of imprisonment. Defendant appeals. The issues are whether robbing co-owners of a store constitutes one or two robberies and whether, if it was two separate robberies, the law authorizes consecutive sentences. We affirm.

Wearing a bandanna over his face and carrying a gun, defendant entered Kelly's Swiss Home Market ten minutes before it closed for the evening. Mr. and Mrs. Kelly, the store's owners, were behind the counter tabulating the day's receipts. Defendant pointed the gun at them and ordered Mr. Kelly to give him the money. Mr. Kelly threw $140 on the floor. He then reached under the counter and pulled out a pistol. Defendant ran to the other side of the store. Mrs. Kelly escaped and called the police. Defendant yelled, "Now you've had it, Old Man," and fired a shot into the ceiling. Mr. Kelly chased him and fired his gun. No one was injured.

Defendant argues that the trial court erred when it entered two robbery convictions. He claims that he robbed the store, not Mr. and Mrs. Kelly. Defendant is wrong. Mr. and Mrs. Kelly were both victims of robbery. Defendant threatened both of them with force in attempting to take the money. ORS 161.062(2) provides:

> "Except as provided in subsection (3) of this section, when the same conduct or criminal episode violates only one statutory provision, but involves two or more victims, there are as many separately punishable offenses as there are victims. However, two or more persons owning joint interest in real or personal property shall be considered a single victim for purposes of determining the number of separately punishable offenses if the property is the subject of one of the following crimes:

> "(a) Theft as defined in ORS 164.015.

> "(b) Unauthorized use of a vehicle as defined in ORS 164.135.

"(c)   Criminal possession of rented or leased personal property as defined in ORS 164.140.

"(d)   Burglary as defined in ORS 164.215 or 164.225.

"(e)   Criminal trespass as defined in ORS 164.243, 164.245, 164.255 or 164.265.

"(f)   Arson and related offenses as defined in ORS 164.315, 164.325 or 164.335.

"(g)   Forgery and related offenses as defined in ORS 165.002 to 165.070."

The first sentence of ORS 161.062(2) disposes of the issue. The second sentence is irrelevant, because the Kellys, not their property, were the subject of the robbery. Robbery is a person, not a property, crime, and it is subject to the rule that the *number of crimes equals the number of victims.*

■   Defendant next asserts that, even if the trial court properly entered the two separate robbery convictions, it should have imposed a single sentence. ORS 161.062(2), however, has superseded the case law that he uses to support his contention.[1] Because we hold that there were two victims, the trial court properly entered separate judgments of conviction.

■   Finally, defendant argues that the trial court should have given him concurrent rather than consecutive sentences. ORS 137.123 provides:

"(3)   When a defendant has been found guilty of more than one criminal offense arising out of a continuous and uninterrupted course of conduct, the sentences imposed for each resulting conviction shall be concurrent unless the court complies with the procedures set forth in subsection (4) of this section.

"(4)   The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

---

[1] *State v. Kessler*, 297 Or 460, 465, 686 P2d 345 (1984) provides:

"The major element in assessing whether multiple statutory violations were meant to carry cumulative punishment is whether they were committed in the course of a single criminal episode joined in time, place and circumstances and directed toward a single criminal objective."

"(a) That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense; or

"(b) The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury, or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course or [sic] conduct."

We have a limited scope of review. We may not review "[a]ny sentence that is within the presumptive sentence prescribed by the rules of the State Sentencing Guidelines Board." ORS 138.222(2)(a). Notwithstanding that provision, however, we may review a claim that "[t]he sentencing court failed to comply with requirements of law in imposing or failing to impose a sentence." ORS 138.222(4)(a). Defendant's sentences fall within the presumptive sentence, and the trial court made the findings required by ORS 137.123(4)(b) and *State v. Racicot*, 106 Or App 557, 560, 809 P2d 726 (1991), when it said:

"[T]he consecutive sentences are imposed for the reason that there was, of course, a firearm involved as the enhancement indicates as well as the fact that there was a firearm fired in the course of the robberies and as such pose [sic] certainly a greater risk and danger to the victim, and under those circumstances consecutive sentences I think is appropriate."

The court did not err.

Affirmed.