Argued and submitted September 8, decision of the Court of Appeals reversed; judgment of the circuit court reversed, and case remanded to the circuit court for further proceedings November 18, 2004

STATE OF OREGON,
*Respondent on Review,*

*v.*

JAMES LEWIS GLASPEY,
*Petitioner on Review.*

(CC 00FE0217AB; CA A112752; SC S50105)

100 P3d 730

Rankin Johnson IV, Deputy Public Defender, Salem, argued the cause and filed the brief for petitioner on review.

With him on the brief were Peter A. Ozanne, Executive Director, Office of Public Defense Services, and Peter Gartlan, Chief Defender.

Katherine H. Waldo, Assistant Attorney General, Salem, argued the cause and filed the brief for respondent on review. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Carson, Chief Justice, and Gillette, Durham, Riggs, De Muniz, and Balmer, Justices.**

GILLETTE, J.

** Kistler, J., did not participate in the consideration or decision of this case.

## GILLETTE, J.

In this criminal action, defendant seeks review of a Court of Appeals decision affirming his convictions on two counts of felony assault in the fourth degree. Defendant contends that the conduct and circumstances underpinning the convictions cannot support two separate felony convictions. We agree with defendant and, accordingly, reverse the decision of the Court of Appeals.

Defendant was charged with two counts of fourth-degree assault, ORS 163.160, based on a single incident of "caus[ing] physical injury" to a single person—his wife.[1] Fourth-degree assault ordinarily is a Class A misdemeanor. ORS 163.160(2). However, the legislature has categorized fourth-degree assault as a Class C felony if the offense is committed under certain specified circumstances, including when

> "[t]he assault is committed in the immediate presence of, or is witnessed by, the person's or the victim's minor child or stepchild or a minor child residing within the household of the person or the victim."

ORS 163.160(3).

In the present case, the couple's two children witnessed defendant's assault on his wife. That fact prompted the district attorney to charge defendant with two counts of felony fourth-degree assault on the theory that each of the two child witnesses was a victim of the crime and that defendant had committed a separate felony offense with respect to each child. That theory relies on ORS 161.067(2), which provides:

---

[1] ORS 163.160(1) provides that a person commits the crime of fourth-degree assault if the person

> "(a) Intentionally, knowingly or recklessly causes physical injury to another; or

> "(b) With criminal negligence causes physical injury to another by means of a deadly weapon."

"When the same conduct or criminal episode, though violating only one statutory provision involves two or more victims, there are as many separately punishable offenses as there are victims."

Defendant did not object to the indictment on any ground and, in fact, pleaded no contest to both charges. However, at sentencing, defendant argued that the two counts must "merge for sentencing purposes." The trial court overruled that objection, entered both convictions, and imposed two separate but concurrent sentences.

Defendant appealed, assigning error to the trial court's decision to enter two convictions for a single assault. Defendant argued, in particular, that the two child witnesses were not "victims," either for purposes of the crime that ORS 163.160(3)(c) defines or for purposes of ORS 161.067(2). A majority of the Court of Appeals disagreed, finding evidence in the text and context of those two statutes that the legislature intended

"that children who witness a domestic assault be considered victims for purposes of determining whether the defendant may be separately punished for each conviction arising from the assault."

*State v. Glaspey*, 184 Or App 170, 180, 55 P3d 562 (2002).[2] We allowed defendant's petition for review.

■ Before this court, defendant contends that the Court of Appeals misconstrued the legislative intent behind ORS 163.160 and ORS 161.067(2). Defendant argues that, at least for purposes of determining whether a defendant may be convicted of multiple offenses of fourth-degree assault under ORS 163.160(3)(c) based on a single act of assault against a single person, the only "victim" is the direct victim, *i.e.*, the person who is physically injured. The merits of defendant's argument resolve into a single question of statutory construction—whether an assault like the one in the present case involves "two or more victims" within the meaning of ORS

---

[2] Judge Armstrong dissented, arguing that child witnesses to a fourth-degree assault are not "victims" for purposes of either of the relevant statutes. *Glaspey*, 184 Or App at 180-89.

161.067(2). That question reduces even further to the following question: Who qualifies as a "victim" in the relevant statutory scheme?[3]

The parties focus their analyses in that regard on different statutes. Defendant contends that the focus must be on determining whether the legislature intended to include the child witnesses described in ORS 163.160(3)(c) as victims of the crime that that statute defines. That is so, defendant argues, because the term "victims" in ORS 161.067(2) does not itself create a separate and distinct class of victims of crime. Instead, defendant asserts, the statute necessarily refers to the class of persons who are victims for purposes of the substantive statute defining the relevant crime. In that regard, defendant contends that it is clear that the only victim of the crime that ORS 163.160(3)(c) defines (and, thus, the only victim for purposes of ORS 161.067(2) in this context) is the person whom the defendant directly and physically harmed.

The state contends, to the contrary, that the primary question for consideration is whether child witnesses like the ones in this case are "victims" within the meaning of ORS 161.067(2). The state asserts that the substantive definition of felony fourth-degree assault at ORS 163.160(3)(c) is relevant only if that definition conveys an affirmative legislative intent to exclude child witnesses from being considered victims for purposes of ORS 161.067(2). Applying that analysis to the statutes, the state proposes that we read the term "victim" in ORS 161.067(2) to include any person whom a criminal act harms and then further proposes that nothing in ORS 163.160(3)(c) suggests a legislative intent to exclude child witnesses, as described in the statute, from that category.

■    We approach those questions of statutory construction using the analytical template set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). Under that template, we first consider the text and context of the statute, and proceed to other interpretive sources (specifically, to the statute's legislative history and, in the event

---

[3] The state raises two preliminary procedural issues—mootness and preservation—neither of which is well taken nor requires discussion here.

that legislative history is unhelpful, to general maxims of statutory construction) only if legislature's intent is not clear at that first level. *Id.* at 610-12.

We turn first to the statute on which the state relies, ORS 161.067(2). When we do so, we find that the specific wording of that statute does not support the state's reading. When the statute speaks of criminal conduct that "violate[s] only one statutory provision," it necessarily refers to, and depends upon, some statute other than itself. That is, it refers to the substantive criminal laws that define particular criminal offenses. It follows that the statutory reference to "victims" in the phrase "[w]hen the same conduct * * * involves two or more victims" also must refer to victims within the meaning of the substantive statute that defines the relevant crime.

Because the statute's text does not support the state's argument (and nothing about that text when considered in context alters that conclusion), we need not pursue our *PGE* paradigm further. We conclude that ORS 161.067(2) uses the term "victims" to describe the category of persons who are victims within the meaning of the specific substantive statute defining the relevant offense.

It follows that the proper focus of our analysis is on the substantive statute defining the crime of fourth-degree assault—ORS 163.160. Specifically, we must determine whether the child witnesses described in ORS 163.160(3)(c) are victims of the crime that that statute defines.

ORS 163.160 provides, in part:

(1)   A person commits the crime of assault in the fourth degree if the person:

"(a)   Intentionally, knowingly or recklessly causes physical injury to another; or

"(b)   With criminal negligence causes physical injury to another by means of a deadly weapon.

"(2)   Assault in the fourth degree is a Class A misdemeanor.

"(3) Notwithstanding subsection (2) of this section, assault in the fourth degree is a Class C felony if the person commits the crime of assault in the fourth degree and:

"(a) The person has previously been convicted of assaulting the same victim;

"* * * * *

"(c) The assault is committed in the immediate presence of, or is witnessed by, the person's or the victim's minor child or stepchild or a minor child residing withing the household of the person or victim.

"(4) For the purposes of subsection (3) of this section, an assault is witnessed if the assault is seen or directly perceived in any other manner by the child."

The state contends that it is only a matter of semantic convenience and is not indicative of a real legislative choice in the matter that ORS 163.160(3)(c) uses the term "victim" to refer to the assaulted person and a different term—"minor child"—to refer to a child witness. The state argues that, instead of focusing on the word "victim" as it is used in ORS 163.160(3)(c), we should focus on the fact that the ordinary, dictionary meaning of the word would include persons who suffer all varieties of harm,[4] including the psychological harm that the children described in paragraph (3)(c) likely would suffer after witnessing an assault. The state contends that child witnesses of a domestic assault may and often do suffer psychological injury from their exposure to that conduct and thus are additional victims of the crime.

We can accept the state's underlying premise, which is that the legislature could choose to utilize the broad, "ordinary" definition of the term "victim" in creating a criminal statutory scheme. But we are dealing here with a specific criminal statute that defines a particular criminal offense for purposes of prosecution, and we therefore must focus on the words that the legislature chose to use in that statute.

Nothing in ORS 163.160 directly addresses the question whether child witnesses are victims under that statute.

---

[4] The state directs our attention to a definition of "victim" that appears in *Webster's Third New Int'l Dictionary* 2550 (unabridged ed 1993): "a person subjected to oppression, deprivation, or suffering."

However, we think that the statute can be read sensibly only if the "victim" of fourth-degree assault is the person who is directly and physically injured by an assault. Paragraph (3)(a), for example, elevates fourth-degree assault from a misdemeanor to a felony if the person "has previously been convicted of assaulting *the same victim*." (Emphasis added.) That usage indicates that a "victim," for purposes of the statute, is a person who has suffered direct physical harm as a result of the assaultive conduct. Similarly, in paragraph (3)(c) (at issue in the present case), a fourth-degree assault becomes a felony if the assault is committed "in the immediate presence of, or is witnessed by, the person's *or the victim's* minor child or stepchild or a minor child residing within the household of the person *or victim*." (Emphasis added.) That usage of the term "victim" is in direct contrast to the various terms describing the child witness. The premise of paragraph (c) is that the child has a particular relationship to an act (assault) that transpires between others. That relationship (witness) makes the assault more "serious," but it does not make the child *a victim of assault*. It follows from the text of the statute and as a matter of simple English that, at least for the purposes of ORS 163.160, the terms "victim" and "child" cannot be synonymous. Thus, for purposes of the felony treatment that ORS 163.160(3)(c) authorizes, a child witness, as described in paragraph (3)(c), is not a "victim."

Although our reading of the text alone appears conclusive, context confirms that reading: Our holding is consistent with the use of the term "victim" throughout the substantive part of the criminal code. Ordinarily, when the term "victim" is used in a statute that defines a criminal offense, it is used in the precise sense of a person who suffers harm that is an element of the offense. For example, when the statute defining aggravated murder refers to the "victim" of the murder, it is clear that it is referring only to a person who has suffered the particular harm—death—that is the gravamen of the crime of murder. *See* ORS 163.095(1)(e), (f), and (2)(a) (defining aggravated murder as murder committed under certain circumstances, including that murder occurred in course of "intentional maiming or torture of the victim," that "the victim of the intentional homicide was a person under the age of 14 years," and that "the victim" was correctional or

police officer, witness, etc.). *See also* ORS 163.150(1)(a) (in sentencing proceeding for aggravated murder, "evidence may be presented as to any matter * * * including * * * victim impact evidence relating to the personal characteristics of the victim or the impact of the crime on the victim's family"). Similarly, ORS 163.235, the statute defining first-degree kidnapping, uses the term "victim" in a way that clearly refers to a person who has suffered the harm that the essence of the crime of kidnapping—unconsented and unauthorized confinement or transportation. *See* ORS 163.235(1)(b), (c), and (d) (person commits crime of first-degree kidnapping if person takes or secretly confines another without consent or authority, with purpose of "hold[ing] the victim as a shield or hostage," "caus[ing] physical injury to the victim," or "terroriz[ing] the victim or another person").[5]

The use of the term "victim" in the substantive statutes that define various criminal offenses properly may be considered as context for purposes of the question of legislative intent that is before us. That context, coupled with our analysis of the wording of ORS 163.160 itself, confirms that the legislature did not intend that child witnesses of domestic assaults be viewed as victims of the crime defined by that statute.

The state appears to believe that the status of child witnesses as victims need not be spelled out, but can be implied from certain other aspects of the statute. In that regard, the state suggests that it is enough to show that ORS 163.160(3)(c) reflects a concern that domestic violence is harmful to child witnesses and evidences a purpose of attaching consequences to conduct that has the potential to cause such harm. In its opinion below, the Court of Appeals majority expressed the same belief, *i.e.*, that a legislative judgment that exposure to domestic violence harms children and, thus, that children so exposed should be considered victims, is obvious on the face of ORS 163.160(3)(c):

---

[5] See also the similar usage of the term "victim" in the statutes defining first-degree rape, ORS 163.375, first-degree sodomy, ORS 163.405, first-degree unlawful sexual penetration, ORS 163.411, first-degree sexual abuse, ORS 163.427, and stalking, ORS 163.732.

"If the legislature had not been concerned that children exposed to assaults by or against a parent are harmed by such conduct and, thus, are additional victims of the conduct, it would have had no reason to enhance the seriousness of the offense from a misdemeanor to felony status based on children's witnessing of the conduct."

*Glaspey*, 184 Or App at 175-76. In other words (the state argues), once we accept the modest and obvious point that ORS 163.160(3)(c) reflects a legislative concern respecting the psychological harm that domestic assaults may cause to the children who witness them, the discussion is over: We must conclude that the legislature views those children as victims for purposes of that statute.

The difficulty with that theory is that it depends on our accepting the same general concept of victim that the state has been advancing all along, *viz.*, that harm of any sort, and even the mere potential for harm, means that the legislature intended for all such persons who may suffer such harm to be deemed "victims." But, for the reasons discussed above, we do not perceive such a legislative purpose in the wording of ORS 163.160(3)(c).

We have determined that ORS 161.067(2), which provides that there are "as many separately punishable offenses as there are victims," invests the term "victim" with the same meaning that it has for the relevant substantive statutory provision that defines the offense. We also have determined that the child witnesses of domestic assault described in ORS 163.160(3)(c) are not victims of the crime that that statute defines. The fact that two or more children may witness an assault may be grounds for felony treatment under ORS 163.160(3)(c), but it does not support entry of a separate judgment of conviction for each child. The contrary conclusion of the Court of Appeals' majority was error.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.