Submitted on record and briefs February 22, convictions for assault in the fourth degree reversed and remanded with instructions to merge convictions; otherwise affirmed March 29, 2006

STATE OF OREGON,
*Respondent,*

*v.*

JOHN ASBJORN NILSEN,
*Appellant.*

CR0300665; A122437

132 P3d 669

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and David C. Degner, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Katherine H. Waldo, Senior Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman* and Ortega, Judges.

PER CURIAM

---

* Schuman, J., *vice* Ceniceros, S. J.

**PER CURIAM**

Defendant appeals from a judgment of conviction for one count of unlawful use of a weapon, ORS 166.220, two counts of assault in the fourth degree, ORS 163.160, and one count of menacing, ORS 163.190. The charges against defendant arose from a single incident during which defendant assaulted a victim in front of two child witnesses. On appeal, defendant argues that the trial court erred by convicting him of two separate counts of fourth-degree assault based on the theory that each of the two child witnesses was a victim. Defendant also argues that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the trial court erred in imposing consecutive sentences based on facts that he did not admit and that were not found by a jury. Defendant concedes that he did not raise the latter issue in the trial court but asks that we review the sentence as plain error.

We decline to review defendant's unpreserved challenge to his consecutive sentences. *See State v. Fuerte-Coria*, 196 Or App 170, 100 P3d 773 (2004), *rev den*, 338 Or 16 (2005). The state concedes, however, that under *State v. Glaspey*, 337 Or 558, 100 P3d 730 (2004), the trial court erred in failing to merge the two assault convictions into a single conviction. We agree and accept the state's concession.

Convictions for assault in the fourth degree reversed and remanded with instructions to merge convictions; otherwise affirmed.