Submitted on record and briefs July 31, convictions for assault in the fourth degree reversed and remanded with instructions to merge convictions; otherwise affirmed August 30, 2006

STATE OF OREGON,
*Respondent,*

*v.*

ALBINO LAZARO-MARTINEZ,
*Appellant.*

04C-42992; A126297

142 P3d 120

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Susan F. Drake, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Seann C. Colgan, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of one count of second-degree assault, ORS 163.175, two counts of felony fourth-degree assault, ORS 163.160, and one count of strangulation, ORS 163.187, based on an incident in which he strangled his girlfriend with a belt until she lost consciousness. This occurred in the presence of their two children. On appeal, defendant first argues that the trial court erred in denying his motion for judgment of acquittal on the assault charges on the ground that the state's evidence that the victim suffered physical injury was insufficient as a matter of law. We reject that argument without discussion. Defendant also asserts that the trial court erred in failing to merge the two convictions for felony fourth-degree assault. Defendant acknowledges that he did not preserve the claim of error, but asserts that the error is apparent on the face of the record, citing *State v. Glaspey*, 337 Or 558, 100 P3d 730 (2004).

In *Glaspey*, the Oregon Supreme Court held that, when multiple charges of felony fourth-degree assault are filed based on the assault occurring in the presence of multiple children, only one conviction should result. *Id.* at 563-67. We reject as unpersuasive the state's response that no error is apparent on the face of the record, ORAP 5.45(1), and conclude that *Glaspey* is controlling here. Further, given the "ends of justice" in this case, we affirmatively exercise our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-83, 823 P2d 956 (1991), to address, and remedy, that error.

Convictions for assault in the fourth degree reversed and remanded with instructions to merge convictions; otherwise affirmed.