Submitted on record and briefs November 30, reversed and remanded for entry of judgment of conviction on single count of felony assault in the fourth degree; sentences vacated; remanded for resentencing; otherwise affirmed December 27, 2006

## STATE OF OREGON,
*Respondent,*

*v.*

## ROBERT MICHAEL COOK,
*Appellant.*

C031900CR; A125989

149 P3d 1288

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Susan F. Drake, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Janet A. Klapstein, Senior Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted of attempted murder, ORS 163.115; three counts of assault in the first degree, ORS 163.185; unlawful use of a weapon, ORS 166.220; and three counts of felony assault in the fourth degree, ORS 163.160. All of the convictions arose out of an incident in which defendant stabbed his wife in the presence of three of their minor children. The three separate convictions for felony assault in the fourth degree were based on the theory that each of the three child witnesses was a separate "victim." The trial court ordered that the sentences on the charges of felony assault in the fourth degree be served consecutively to the sentences on the other charges.

On appeal, defendant advances two unpreserved assignments of error: (1) the trial court erred in entering separate convictions for felony assault in the fourth degree based on the fact that the assault was witnessed by the three different children; and (2) the trial court erred in ordering that the sentences for felony assault in the fourth degree be served consecutively to the sentence on the underlying crime of assault in the first degree. We agree with defendant on the first contention and, because of that, need not address the second.

Defendant argues that, under *State v. Glaspey*, 337 Or 558, 100 P3d 730 (2004), a single assault results in one conviction regardless of the number of child witnesses, because such witnesses are not separate "victims" within the meaning of the statute that defines the offense. The state concedes that, under *Glaspey*, defendant could be punished for only one count of felony fourth-degree assault and that, as a matter of law, the three convictions for that offense should merge. We agree and accept the concession.

Because the trial court's error in failing to merge the relevant convictions requires us to remand the entire case for resentencing, *see State v. Rodvelt*, 187 Or App 128, 66 P3d 577, *rev den*, 336 Or 17 (2003) (failure to merge convictions is an error requiring resentencing for purpose of ORS 138.222(5)), we need not reach defendant's unpreserved error pertaining to the imposition of consecutive sentences.

Reversed and remanded for entry of judgment of conviction on single count of felony assault in the fourth degree; sentences vacated; remanded for resentencing; otherwise affirmed.