Submitted on record and briefs May 30, sentences vacated;
remanded for resentencing; otherwise affirmed June 27, 2007

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

FRED BASARGIN,
*Defendant-Appellant.*
Marion County Circuit Court
01C54770; A120395

162 P3d 325

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Walter J. Ledesma, Senior Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Carolyn Alexander, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

LANDAU, P. J.

**LANDAU, P. J.**

After a jury trial, defendant was convicted of three counts of fourth-degree felony assault, ORS 163.160, all arising from an incident in which he kicked his girlfriend in the presence of the couple's two children. On appeal, defendant argues that the trial court erred by (1) failing to deliver a concurrence instruction to the jury regarding which of the two children witnessed the assault; (2) failing to suppress certain hearsay statements of one of the child witnesses, in violation of his Sixth Amendment confrontation rights as articulated in *Crawford v. Washington*, 541 US 36, 124 S Ct 1354, 158 L Ed 2d 177 (2004); and (3) imposing departure sentences based on facts not pleaded by the state and found by a jury beyond a reasonable doubt, in violation of his jury trial right as articulated in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000). We reject defendant's first two assignments of error, but conclude that his sentences are unlawful. We therefore vacate defendant's sentences and remand for resentencing, but otherwise affirm.

The relevant facts are not in dispute. Defendant and the victim, M, lived together in an apartment with their two young children, a five-year-old son, NI, and a six-year-old daughter, NA. One evening, the couple got into a heated argument that ended when defendant kicked M in the stomach. The couple's children, who were in the apartment at the time, became very upset, and they ran down the hall to a neighbor, Brannies, and told her that defendant had kicked their mother. Brannies walked over and found the victim on the floor holding her stomach. Pinkerton, a police officer, responded to the scene. M told Pinkerton that defendant had kicked her in the stomach. The daughter, NA, also told Pinkerton that defendant had kicked her mother.

Defendant was charged with three counts of fourth-degree assault. In addition to alleging that defendant assaulted M, Count 1 alleged that defendant had previously been convicted of assaulting the same victim, ORS 163.160(3)(a); Count 2 alleged that defendant had at least three prior convictions involving domestic violence, ORS

163.160(3)(b); and Count 3 alleged that defendant had assaulted M "in the immediate presence of and witnessed by the victim's minor child," ORS 163.160(3)(c). Before trial, defendant stipulated that the children's hearsay statements to Brannies qualified as "excited utterances" and were admissible as such. The trial court then conducted *in camera* interviews with the children in order to ascertain the reliability of their statements. The court determined that NA's account was consistent and reliable, but that her younger brother's statements seemed confused and were not sufficiently reliable to be admissible. The court's interviews with the children were off the record, and there is no indication whether the parties were permitted to ask questions of the children at the time.

The case was tried to a jury. In her opening argument, the prosecutor told the jury that the state would prove that defendant had assaulted the victim in front of M's daughter, NA. In addition to testimony from the victim, the state's evidence also included testimony of the neighbor, Brannies, and Pinkerton, the responding officer. Brannies testified that the two children had come running to her apartment asking her to call the police because their mother had been kicked. Officer Pinkerton testified that NA told him that defendant had kicked her mother. Pinkerton also testified that it was his impression, from speaking to NA, that she had witnessed the assault. NA did not, herself, testify. Defendant testified that the kick had been accidental.

The trial court instructed the jury that, in order to reach a verdict of guilty as to Count 3, it was required to find that "[t]he assault was committed in the immediate presence of and witnessed by [the victim's] minor child," and that "ten or more jurors must agree on a verdict." The jury returned a unanimous verdict of guilty on all three counts. At sentencing, the court imposed concurrent durational departure sentences of 48 months' imprisonment on each count, based on its findings that defendant had a history of repetitive assaults on the same victim, his prior probation and incarceration had not deterred his criminal behavior, he had committed other offenses pending his conviction, and his denial of involvement in the assault presented a barrier to successful treatment.

On appeal, defendant first argues that, with respect to Count 3, the trial court erred in failing to instruct the jury that 10 or more of its members must agree as to the identity of the child who witnessed the assault. He concedes that the argument is not preserved, but argues that the lack of such an instruction was plain error under *State v. Boots*, 308 Or 371, 780 P2d 725 (1989), *cert den*, 510 US 1013 (1993). According to defendant, the so-called "*Boots* instruction" was required because the jurors could have found defendant guilty on the basis of NA's presence, or it could have found defendant guilty on the basis of her brother's presence. In the absence of a unanimity instruction, defendant contends, it is "impossible to conclude that the jurors agreed unanimously on the material elements" of the charged offense.

■ We disagree. We may review an unpreserved claim of error only if it is an error of law, appears on the face of the record, and is "obvious, not reasonably in dispute." *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). Under *Boots*, when the state presents evidence of multiple factual occurrences which could independently support a guilty verdict on a particular charge, it is error for the court not to instruct the jury on "the necessity of agreement on all material elements of a charge in order to convict." *State v. Lotches*, 331 Or 455, 472, 17 P3d 1045 (2000), *cert den*, 534 US 833 (2001). Such a concurrence instruction, however, is required only when there is a "real possibility" of juror disagreement about the evidence establishing the *material elements* of the charged offense. *State v. Garcia*, 211 Or App 290, 296, 154 P3d 730 (2007). Whether the identity of the child who witnessed an assault is a "material element" of ORS 163.160(3)(c) for *Boots* purposes is not an issue that is either "obvious" or "beyond dispute." *Cf. State v. Glaspey*, 337 Or 558, 567, 100 P3d 730 (2004) (concluding that child witnesses are not "victims" of an assault for purposes of ORS 163.160(3)). Moreover, given the evidence presented in this case, there is not a "real possibility" that the jurors disagreed in any relevant way about who witnessed the assault. All of the state's evidence supported its theory that NA had witnessed the assault. Although Brannies's testimony could have supported an inference that NA's brother witnessed it *also*, there is simply no discernible evidentiary basis from

which any juror might have concluded that her brother witnessed the assault but that NA did not. Under those circumstances, we readily conclude that the court did not commit plain error in failing to instruct the jury that unanimity was required with respect to which of the children witnessed the assault.

■■ In his next assignment of error, defendant argues that the court erred by failing to suppress NA's hearsay statements to Brannies and to Pinkerton. He concedes that the argument is unpreserved but argues that, under the Supreme Court's decision in *Crawford*, the admission of those statements amounts to plain error. We conclude that defendant's second assignment also is not subject to plain error review.

■■ To be reviewable as plain error, the error must be apparent on the face of the record and the court must not need to go outside the record or choose between competing inferences to find it. *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). In this case, we are unable to discern whether, during the course of the court's pretrial interview with the children, the parties were given an opportunity to question the children. If defendant was afforded such an opportunity, then his confrontation rights were satisfied and admission of NA's statements was not erroneous. Because we cannot tell, from the "face of the record," whether defendant's confrontation rights were violated, we cannot reach the issue as plain error.

■ In his final assignment of error, defendant argues that, under *Blakely* and *Apprendi*, the trial court erred by imposing departure sentences that were based on facts not alleged in the indictment or found by a jury. Under *State v. Ramirez*, 205 Or App 113, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), *rev allowed*, 342 Or 256 (2007), defendant's sentences are plainly erroneous.

Sentences vacated; remanded for resentencing; otherwise affirmed.