Submitted November 7, reversed and remanded for merger of convictions for first-degree possession of a forged instrument and for resentencing; otherwise affirmed December 10, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ARLIN DEAN MERRICK,
*Defendant-Appellant.*

Crook County Circuit Court
05FE0285; A136411

197 P3d 624

Peter Gartlan, Chief Defender, and Daniel C. Bennett, Deputy Public Defender, Legal Services Division, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Rene C. Holmes, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted after a bench trial on three counts of first-degree possession of a forged instrument, ORS 165.022, and one count of first-degree forgery, ORS 165.013. On appeal, he argues that the trial court erred in failing to merge his three convictions for first-degree possession of a forged instrument. The state notes that, although the error is arguably unpreserved, the error is apparent on the face of the record and defendant is entitled to reversal and remand for merger of his convictions. As explained below, we agree and accept the state's concession.

A complete discussion of the facts is not necessary here. Suffice it to say that the three charges of first-degree possession of a forged instrument arose from one occasion when defendant was found to be in possession of several counterfeit bills. At sentencing, defense counsel argued that the offenses should merge "for sentencing purposes." The trial court expressed doubt that the separate charges of first-degree possession of a forged instrument supported separate convictions but concluded, "I don't know whether [this is] a pure merger case, but I intend to really do a sentence that is equivalent to merging." The court thereafter entered separate convictions but imposed concurrent sentences.

■ As an initial matter, we note that the "merger for sentencing purposes" verbiage used by defense counsel refers to a concept that has little bearing on modern merger and sentencing law. *See, e.g.*, *State v. White*, 341 Or 624, 147 P3d 313 (2006) (explaining differences between merger of convictions under ORS 161.067 and concurrent sentences for separate convictions). That said, however, in *State v. Glaspey*, 337 Or 558, 561, 100 P3d 730 (2004), the Supreme Court deemed exactly the language employed by defense counsel here to have preserved an argument that convictions should be merged. In light of *Glaspey*, and because it is clear that the court in this case actually considered whether the convictions should merge, we conclude that the error is preserved.

■ As to the merits, the parties assert, and we agree, that, given the strictures of ORS 161.067(3),[1] the court was

---

[1] ORS 161.067(3) provides, in part:

required to merge defendant's three convictions for first-degree possession of a forged instrument.

Reversed and remanded for merger of convictions for first-degree possession of a forged instrument and for resentencing; otherwise affirmed.

---

"When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent."