Submitted November 25, 2008, affirmed April 1, petition for review denied July 29, 2009 (346 Or 590)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLIAM EUGENE MACK,
*Defendant-Appellant.*

Marion County Circuit Court
03C52412; A134358

205 P3d 75

Peter Gartlan, Chief Defender, and Joshua B. Crowther, Deputy Public Defender, Legal Services Division, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Janet A. Metcalf, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

LANDAU, P. J.

**LANDAU, P. J.**

A jury found defendant guilty of murder by abuse, ORS 163.115(1)(c), and assault in the third degree, ORS 163.165, based on his conduct toward a two-year-old child. The trial court imposed a sentence of 18 months' imprisonment on the assault conviction and a sentence of life with a 25-year minimum on the murder conviction. The trial court ordered the sentences to be served concurrently with each other and consecutively to defendant's sentences imposed in another case for various drug offenses.

■ On appeal, defendant first assigns error to the trial court's jury instruction pertaining to the statutory elements of murder by abuse. The indictment charged him with murder by abuse based on the allegation that he had engaged in a pattern and practice of assault *and* torture. At trial, defendant moved for a judgment of acquittal on the ground that the state had failed to prove torture. The state responded that the indictment alleged *alternative* ways of committing the offense and that proof of torture is not required. The trial court agreed and denied the motion.

On appeal, defendant now argues that the trial court erred in instructing the jury on the elements of the offense, because the court told the jury that the state could prove the offense by means of evidence of either assault or torture. Specifically, defendant argues that, where no evidence was adduced at trial that defendant previously had engaged in a pattern or practice of torturing the victim, the trial court erred in instructing the jury as to both that element and what he characterizes as the element of previously having engaged in a pattern or practice of assaulting the victim. The state responds that defendant did not preserve that issue below; that what defendant characterizes as alternative elements of the crime of murder by abuse under ORS 163.115(1)(c) are merely alternative factual theories for the commission of that crime; that the trial court therefore did not err in instructing the jury; and that, even if the trial court did err, any error was harmless. We agree that defendant did not preserve the issue that he raises on appeal. His sole contention at trial was that the evidence was insufficient to prove that he had engaged in a pattern or practice of torture. His contention on

appeal is quite different and was not fairly put before the trial court. *Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008) ("Preservation gives a trial court the chance to consider and rule on a contention, thereby possibly avoiding an error altogether or correcting one already made, which in turn may obviate the need for an appeal."). We reject his first assignment of error without further discussion.

■       In his second assignment of error, defendant argues that the trial court erred in failing to instruct the jury that it must agree as to which of the two theories of murder by abuse—one based on a pattern or practice of assault and the other based on a pattern or practice of torture—the state proved beyond a reasonable doubt, as required by *State v. Boots*, 308 Or 371, 780 P2d 725 (1989). Defendant concedes that he failed to preserve that issue but urges us to review it as plain error. The state responds that jury unanimity is required only as to the essential facts of an offense. It argues that the question whether the relevant portions of ORS 163.115(1)(c) constitute such facts or, rather, are merely statutory alternatives as to which the jury need not agree, is reasonably in dispute; accordingly, the error, if any, is not plain. We agree with the state that whether the facts at issue are "essential" to the offense is not obvious and is reasonably in dispute. *See, e.g.*, *State v. Basargin*, 213 Or App 515, 519, 162 P3d 325 (2007) ("Whether the identity of the child who witnessed an assault is a 'material element' of ORS 163.160(3)(c) for *Boots* purposes is not an issue that is either 'obvious' or 'beyond dispute.' "). We therefore reject defendant's second assignment of error.

■       Finally, defendant argues that the trial court violated his Sixth Amendment right to jury trial in ordering that his sentences in this case be served consecutively to his sentences in another case. Defendant's argument is foreclosed by the decision of the United States Supreme Court in *Oregon v. Ice*, 555 US ___ , 129 S Ct 711, 172 L Ed 2d 517 (2009), which issued after submission of this case to this court.

Affirmed.