Argued and submitted December 30, 2008, affirmed June 10, petition for review denied September 17, 2009 (347 Or 44)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL WILLIAMS,
aka Michael Lee Williams,
*Defendant-Appellant.*

Multnomah County Circuit Court
061036209; A135393

209 P3d 842

David C. Degner, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

M. Ann Boss, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Sercombe, Presiding Judge, and Brewer, Chief Judge, and Deits, Senior Judge.

SERCOMBE, P. J.

**SERCOMBE, P. J.**

Defendant appeals following a trial to the court that resulted in defendant's conviction on two counts of robbery in the first degree. ORS 164.415. The trial court sentenced defendant to two consecutive terms of imprisonment based on the robbery convictions. On appeal, defendant contends that the court erred in concluding that, pursuant to ORS 161.067, the two convictions did not merge. We affirm.

The following facts are not disputed. Defendant entered a Plaid Pantry store in Portland late one evening when one store employee and at least one customer were present. Defendant approached the counter where the employee and customer were standing, grabbed the customer by the shirt, pointed a knife at the employee, and demanded the money from the cash register. The employee opened the cash register, and defendant emptied it of money after moving the knife to the hand with which he was restraining the customer. Defendant then left the store with the money.

Based on the facts, the trial court concluded that defendant used a dangerous weapon and used force against both the employee and the customer and convicted him of two counts of first-degree robbery. The court also considered whether, in light of ORS 161.067(2), the two convictions should merge and concluded they should not:

> "161.067 does note that when the same conduct or criminal episode violating only one statutory provision involves two or more victims, there are as many separately punishable offenses as there are victims. And it specifically delineates, however, that * * * for someone owning a joint interest in a property that that's only one victim.

> "So in this case, there—I am finding that the—by requiring as a material element that the person used force on another in distinguishing that from the use of the weapon, that it is, as indicated previously, two victims."

In his sole assignment of error, defendant asserts that his two robbery convictions should have merged. He contends that there was only one victim of the robbery and that the customer was "not the 'victim' of the robbery; nothing was

demanded of her and nothing was taken from her." In defendant's view, because there was only one "taking of property" in this case, there is only one punishable offense. The state responds that robbery is a crime that is perpetrated "upon another person" and that each person against whom force is used or threatened is a victim of the crime. For that reason, according to the state, the trial court properly concluded that the two convictions did not merge.

ORS 161.067(2) provides:

"When the same conduct or criminal episode, though violating only one statutory provision involves two or more victims, there are as many separately punishable offenses as there are victims. * * *"[1]

"ORS 161.067(2) uses the term 'victims' to describe the category of persons who are victims within the meaning of the specific substantive statute defining the relevant offense." *State v. Glaspey*, 337 Or 558, 563, 100 P3d 730 (2004). Accordingly, to resolve the issue presented by this case, we must determine what category of persons are victims within the meaning of the robbery statutes.[2] In the case of property-related crimes, the victim is considered to be the owner of the

_____

[1] The remainder of that statute provides:

"However, two or more persons owning joint interests in real or personal property shall be considered a single victim for purposes of determining the number of separately punishable offenses if the property is the subject of one of the following crimes:

"(a) Theft as defined in ORS 164.015.

"(b) Unauthorized use of a vehicle as defined in ORS 164.135.

"(c) Criminal possession of rented or leased personal property as defined in ORS 164.140.

"(d) Criminal possession of a rented or leased motor vehicle as defined in ORS 164.138.

"(e) Burglary as defined in ORS 164.215 or 164.225.

"(f) Criminal trespass as defined in ORS 164.243, 164.245, 164.255, 164.265 or 164.278.

"(g) Arson and related offenses as defined in ORS 164.315, 164.325 or 164.335.

"(h) Forgery and related offenses as defined in ORS 165.002 and 165.070."

[2] *State v. Davis/Hamilton*, 194 Or App 382, 95 P3d 230 (2004), *adh'd to as modified on recons*, 197 Or App 1, 104 P3d 602, *rev den*, 339 Or 230 (2005), cited by defendant, does not resolve this issue. In that case, the court held that the defendants' argument relating to ORS 161.067(2) was not properly before the court and determined that the trial court had appropriately denied their motions for judgment of acquittal.

property at issue. *State v. Luers*, 211 Or App 34, 65-66, 153 P3d 688, *adh'd to as modified on recons*, 213 Or App 389, 160 P3d 1013 (2007); *see also State v. Sanchez-Alfonso*, 224 Or App 556, 563-64, 198 P3d 946 (2008) (burglary statutes are directed at protecting property rights and, therefore, the "victim" of a burglary is the person whose property interest is violated). Where the crime at issue is a person crime, the victim is the person directly injured by the criminal conduct. *See Glaspey*, 337 Or at 565-66.

We first consider the text of the relevant statute, in context. *See State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009); *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). ORS 164.395[3] defines robbery as follows:

"(1)   A person commits the crime of robbery * * * if in the course of committing or attempting to commit theft * * * the person uses or threatens the immediate use of physical force upon another person with the intent of:

"(a)   Preventing or overcoming resistance to the taking of the property or to retention thereof immediately after the taking; or

"(b)   Compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft * * *."

The statute does not specifically address who is considered the victim of robbery. Furthermore, based on the text alone, the statute could be considered to be directed toward the protection of both property rights (theft or attempted theft) and persons (use or threat of physical force on another).

A robbery offense is considered progressively more severe if the person committing the crime represents that he

---

[3] ORS 164.395 defines robbery in the third degree. Although defendant was convicted of robbery in the first degree, ORS 164.415(1), which defines that crime, incorporates the elements of ORS 164.395 and adds the elements that the person

"(a) [i]s armed with a deadly weapon;

"(b) [u]ses or attempts to use a dangerous weapon; or

"(c) [c]auses or attempts to cause serious physical injury to any person."

Because ORS 164.395 contains the relevant elements for the underlying robbery offense, we refer to that statute throughout the opinion.

is armed with a dangerous or deadly weapon, is aided by another person, is armed with a deadly weapon, uses or attempts to use a dangerous weapon, or causes or attempts to cause serious physical injury to another. ORS 164.405; ORS 164.415. Based on the elements of the crime viewed in context, the gravamen of the robbery statutes appears to be the use or threat of force against another person. There is no requirement that a theft of property actually be completed; a mere attempt suffices to fulfill that portion of the statute. However, without, at a minimum, the threat of force against another person, no robbery has occurred. Furthermore, the crime is considered greater in degree based not on the value or type of the property at issue, but on the threat or danger presented to another person. Thus, the text and context of the statute suggest that robbery is best characterized as a person crime. *See State v. Dillman,* 34 Or App 937, 941, 580 P2d 567 (1978), *rev den,* 285 Or 195 (1979) ("Thus, it appears that the legislature intended that the assault aspect of the crime of robbery be dominant and each person assaulted is the victim of the crime.").

That conclusion is consistent with our prior consideration of the same issue pursuant to a virtually identical anti-merger statute, where we held that "[r]obbery is a person, not a property, crime, and it is subject to the rule that the number of crimes equals the number of victims." *State v. Green,* 113 Or App 373, 376, 833 P2d 311 (1992) (applying *former* ORS 161.062, *repealed by* Or Laws 1999, ch 136, § 1); *see also State v. Spring,* 172 Or App 508, 512 n 6, 21 P3d 657, *rev den,* 332 Or 559 (2001) (imputing analysis of a case decided under *former* ORS 161.062, to a case under ORS 161.067 because both laws were drafted in 1985, began as identically worded proposals, and "the relevant text of the two statutes is identical").

Our classification of robbery as a person crime is consistent with the legislative history of the robbery statutes. *See Gaines,* 360 Or at 171-72 (consideration of legislative history of statute permissible if it "appears useful to the court's analysis"). The robbery statutes were enacted in 1971 as part of a comprehensive revision of Oregon's criminal code.[4] *See*

---

[4] ORS 164.395 was amended in 2003 to refer to unauthorized use of a vehicle as well as theft. Or Laws 2003, ch 357, § 1. However, that amendment is not pertinent to the issues presented in this case.

Or Laws 1971, ch 743, §§ 148-50. The commentary to the code explains that the robbery statutes adopt "the view that the repression of violence is the principal reason for being guilty of robbery." Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report § 150, 155 (July 1971). The commentary emphasizes that the "primary concern is with the physical danger to the victim" and thus, "the actual taking of property [is] less important." *Id.* Furthermore, heightening of "the terror in the victim's mind," "increased danger of an assault on the victim," and exacerbation of "threat to the victim" are listed as the rationale for aggravating the degree of robbery based on representation or actual presence of a dangerous or deadly weapon, presence of an accomplice, or actual injury to the victim. *Id.* Based on that legislative history, we conclude that the legislature intended that robbery be a person crime and that those against whom physical force is used or who are threatened in the course of a robbery are the victims of the crime.

In this case, the trial court found that, in the course of committing the theft of money from the Plaid Pantry store, in order to prevent resistance to the taking of property, defendant used physical force against both the employee and the customer. The trial court therefore properly concluded that there were two victims of the robbery for purposes of ORS 161.067. Accordingly, the trial court did not err in entering convictions and sentencing defendant on both counts of robbery.

Affirmed.