Submitted October 26, convictions on Counts 2 and 3 reversed and remanded with instructions to enter a judgment of conviction for one count of first-degree burglary reflecting defendant's conviction on both theories; convictions on Counts 5 and 6 reversed and remanded with instructions to enter a judgment of conviction for one count of coercion reflecting defendant's conviction on both theories; remanded for resentencing; otherwise affirmed November 25, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ROBERT PAUL McMURREN,
*Defendant-Appellant.*

Baker County Circuit Court
07164; A136897

221 P3d 830

Peter Gartlan, Chief Defender, Appellate Division, and Mary Shannon Storey, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Amanda J. Austin, Assistant Attorney General, filed the brief for respondent.

Before Rosenblum, Presiding Judge, and Brewer, Chief Judge, and Deits, Senior Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of, among other crimes, two counts of burglary in the first degree, ORS 164.225, and three counts of coercion, ORS 163.275. On appeal, he argues that the trial court erred in entering separate convictions on the two burglary counts (Counts 2 and 3) based on a single unlawful entry against a single victim and in entering separate convictions on two of the three coercion counts (Counts 5 and 6) based on the compulsion of a single act against a single victim. The state concedes that the court erred under ORS 161.067 in entering separate convictions on the two burglary counts (Counts 2 and 3). The state further concedes that the trial court erred in entering separate convictions on the coercion counts in Counts 5 and 6. We conclude that the state's concessions are well founded and accept them. *See State v. White*, 341 Or 624, 147 P3d 313 (2006); *see also State v. White*, 346 Or 275, 211 P3d 248 (2009); *State v. Glaspey*, 337 Or 558, 100 P3d 730 (2004).

Convictions on Counts 2 and 3 reversed and remanded with instructions to enter a judgment of conviction for one count of first-degree burglary reflecting defendant's conviction on both theories; Convictions on Counts 5 and 6 reversed and remanded with instructions to enter a judgment of conviction for one count of coercion reflecting defendant's conviction on both theories; remanded for resentencing; otherwise affirmed.