Argued and submitted June 11, affirmed September 10, 1986

## STATE OF OREGON,
*Respondent,*

*v.*

## CHRISTOPHER EARL ANDERSON,
*Appellant.*

(85-396-C-3; CA A38202)

725 P2d 394

Robert F. Webber, Medford, argued the cause for appellant. With him on the brief was Black, Hanson, Crain, Austin & Webber, Medford.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendant appeals from his conviction for possession of a controlled substance, ORS 475.992(4), unlawful possession of a weapon, ORS 166.250, and carrying a concealed weapon. ORS 166.240.[1] He assigns error to the trial court's denial of his motion to suppress evidence and to his separate convictions for the two weapons charges. We affirm.

The Medford police received information from an unnamed informant on the evening of January 24, 1985, that a person named "Chris" would be bringing approximately one pound of methamphetamine in an old Impala from Redding to Medford early the next morning, that he would be armed and that he would meet someone at either Jerry's Restaurant or the Kopper Kitchen. The informant gave the police a telephone number for the residence at which Chris was staying in Redding. The police verified that it was a Redding number, called the number and spoke to a person named Chris, who said he was coming to Medford after he received a phone call. The police called back later, and a woman confirmed that Chris had departed.

The informant contacted the police again at 7:40 a.m. on January 25, 1985, and told them that Chris was in Medford at the Kopper Kitchen and that he was driving a 1984 Mercury, which was parked in front of the restaurant. He also stated that someone driving a white Ranchero would meet Chris there. The police had the Kopper Kitchen under surveillance and saw the white Ranchero arrive. They also observed defendant leave the restaurant and drive away in the Mercury. While following the vehicle, the police observed the driver commit two traffic violations. Two miles later, they stopped the car in a northbound lane of Interstate 5. Defendant left the car as the police pulled up. The police ordered him to put his hands over his head. He complied, and the police ordered him to lie on the ground. They frisked him and found a .25 caliber pistol in his coat. They then arrested him for carrying a concealed weapon and handcuffed him. They searched him more thoroughly and found some .357 caliber bullets in a pocket. An officer asked defendant if he had

---

[1] ORS 166.240 and ORS 166.250 were amended by Or Laws 1985, ch 543, §§ 2 and 3, after the incidents in this case.

another gun, and he stated that there was one under the front seat. The officer testified that he had seen the other gun before he asked the question. The officer seized a .357 caliber pistol from under the front seat.

The police also took defendant's wallet from him at the scene of the stop after he was handcuffed. He identified himself as Chris Anderson and said he did not have a driver's license. The police opened the wallet at the police station to look for identification. Inside it they discovered a small clear plastic bindle containing a brownish-red substance which appeared to be a controlled substance. It was later tested and determined to be methamphetamine. The police then obtained a search warrant for the car on the basis of the information set forth above and discovered a quantity of methamphetamine in the trunk.

■ Defendant's first assignment is that the trial court erred in denying his motion to suppress all the evidence, because the original stop and warrantless search were invalid. The state argues that the officers were justified in stopping defendant's car because, when the informant's information proved reliable, they had a reasonable suspicion that defendant possessed illegal drugs and a weapon. We agree that the stop was reasonable, ORS 131.615, as was the frisking of defendant for a weapon. ORS 131.625.

■ Defendant next argues that the trial court erred in not suppressing the .357 caliber pistol which, he claims, was discovered as the result of custodial interrogation before he was informed of his *Miranda* rights. Even if the weapon was discovered as the result of interrogation, it would have been discovered inevitably and lawfully incident to the defendant's arrest. After arresting defendant for possessing a concealed .25 caliber weapon and finding .357 caliber ammunition on his person, the police had probable cause to search the vehicle for a weapon that used that ammunition. *State v. Brown,* 301 Or 268, 721 P2d 1357 (1986).

■■ Defendant next challenges the trial court's denial of his motions to suppress the warrantless seizure of the drugs found in his wallet and the drugs seized from the trunk of his car pursuant to the search warrant. He acknowledges that the affidavit for the warrant "certainly establishes probable cause on its face" but argues that it contained information that was

illegally obtained and that, if that information is disregarded, the affidavit is insufficient. We have already concluded that the evidence defendant objected to in his two preceding assignments was validly obtained. The only other evidence was the drugs found in his wallet at the police station. He claims that the search was not justified as incident to his arrest and that the police should have obtained a warrant to search his wallet.[2]

The police explained the search as one for identification after defendant had failed to produce a driver's license. In *State v. Caraher,* 293 Or 741, 653 P2d 942 (1982), the Supreme Court upheld the arrest scene search of defendant's purse as incident to her arrest for possession of a controlled substance, finding that the search was reasonable, because it was close in time and space to the arrest. Under *State v. O'Neal,* 251 Or 163, 444 P2d 951 (1968), which the Supreme Court resurrected in *Caraher,* the search for identification was clearly improper, because the defendant's identity was irrelevant to any crime of which he was suspected. In addition, when the officers returned to the police station, a logical break had occurred in the search, and any need to continue it without a warrant had ceased. *See State v. Ridderbush,* 71 Or App 418, 692 P2d 667 (1985). The evidence should have been suppressed and should not have been considered as part of the basis for probable cause to issue a search warrant for the search of the car.

Although defendant is correct that the evidence seized from his wallet was unlawfully obtained and should have been disregarded in determining the sufficiency of the warrant, we conclude that the warrant was sufficient without it. The officer's affidavit established that the unnamed informant had detailed information regarding defendant, his intended movement and his vehicle, that he was armed and the time and place of his destination in Medford. He also described defendant's contact at the Kopper Kitchen and the contact's vehicle. The informant gave the police updated information on defendant's movement. All of the information was independently verified by the police and, in each instance, proved accurate. The magistrate was justified in deciding that the informant was reliable and that he had a basis for his

---

[2] Defendant raises no issue concerning the testing of the drugs found in the wallet. *Compare State v. Lowry,* 295 Or 337, 348, 667 P2d 996 (1983).

knowledge of defendant's intended business in Medford. If the magistrate had not known that drugs had been found on defendant's person, he would nevertheless have been justified in issuing the warrant.

■ Defendant argues finally that the two weapon charges "should have been merged into one conviction and one sentence." He was convicted on both weapons charges, but the trial court suspended imposition of sentence for three years, for which defendant was placed on probation. The only issue presented, therefore, is whether the trial court properly convicted defendant on both weapon charges. *See State v. Kessler,* 297 Or 460, 686 P2d 345 (1984).

Separate convictions for two offenses are improper only "when the completion of one offense necessarily includes commission of acts sufficient to constitute violation of another statute." *State v. Cloutier,* 286 Or 579, 586, 596 P2d 1278 (1979); *see also State v. Wiggett,* 75 Or App 474, 481, 707 P2d 101 (1985). ORS 166.240(1) provided at the time of sentencing:

> "Except as provided in ORS 166.260, 166.290 and subsection (2) of this section, any person who carries concealed about his person in any manner, any revolver, pistol, or other firearm, any knife, other than an ordinary pocketknife, or any dirk, dagger, slung shot, metal knuckles, or any instrument by the use of which injury could be inflicted upon the person or property of any other person, shall be punished upon conviction by a fine of not less than $10 nor more than $200, or by imprisonment in the county jail not less than five days nor more than 100 days, or both."

ORS 166.250(1) provided:

> "Except as otherwise provided in this section, ORS 166.260, 166.270, 166.280, 166.290 or 166.410 to 166.470, any person who possesses or has in his possession any machine gun, or carries concealed upon his person or within any vehicle which is under his control or direction any pistol, revolver or other firearm capable of being concealed upon the person, without having a license to carry such firearm as provided in ORS 166.290, is guilty of a misdemeanor, unless he has been convicted previously of any felony or of any crime made punishable by this section, ORS 166.260, 166.270, 166.280, 166.290 or 166.410 to 166.470, in which case he is guilty of a felony."

It is clear that those sections overlap, because a person who carries a firearm concealed on his person violates both. Under *State v. Cloutier, supra,* defendant could not be convicted under both for the one weapon he had concealed on his person. However, defendant's act of concealing a second weapon in his vehicle is a separate act which justifies a separate conviction for that offense. The trial court did not err in entering two convictions for the weapons charges.

Affirmed.