Argued and submitted July 20, 1988, affirmed May 10, reconsideration denied
August 18, petition for review denied September 19, 1989 (308 Or 382)

STATE OF OREGON,
*Respondent,*

*v.*

DARRYN STEVEN OTT,
*Appellant.*

(86-11-36089; CA A46957)

773 P2d 19

Ingrid A. MacFarlane, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Leslie Jo Westphal, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Riggs, Judges.

DEITS, J.

## DEITS, J.

Defendant pleaded no contest to two counts of possession of controlled substances, methamphetamine and cocaine. ORS 475.992(4). The court entered a judgment of conviction on each count, suspended imposition of sentence and placed defendant on two concurrent three-year terms of probation. Defendant appeals, contending that the convictions should have been merged for sentencing and that he, therefore, should have been subject to a single term of probation.[1] We affirm.

■ Defendant argues that simultaneous possession of two controlled substances within the same schedule[2] should result in a single conviction and sentence. We disagree. By enacting ORS 475.992(4), the legislature clearly expressed its intent to punish separately convictions for possession of each controlled substance, regardless of whether the substances are within the same schedule. *State v. Ness,* 54 Or App 530, 538, 635 P2d 1025 (1981), *affirmed on other grounds,* 294 Or 8 (1982).[3]

■ The only remaining question in this case is whether the 1985 enactment of ORS 161.062(4) affects our interpretation of ORS 475.992(4). ORS 161.062(4)[4] provides, in relevant part:

"When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, must be separated from other such violations by a

---

[1] The appeal is properly before us. *State v. Donovan,* 307 Or 461, 770 P2d 581 (1989).

[2] Both cocaine and methamphetamine are schedule II substances. OAR 855-80-022.

[3] The defendant in *Ness* was convicted of possession of mescaline, peyote, marijuana, psilocybin and lysergic acid diethylamide, all schedule I substances. OAR 855-80-021(3). He was also convicted of possession of cocaine, a schedule II substance. OAR 855-80-022(1)(d). We refused in that case to require merger of those convictions. 54 Or App at 538.

[4] ORS 161.062(4) contains language identical to that in ORS 161.067(3). However, the latter provision was enacted after defendant committed the offenses for which he was indicted in this case.

sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent."

■ We hold that ORS 161.062(4) does not apply under ORS 475.992(4). By its terms, ORS 161.062(4) applies only when the offenses committed involve the same "victim." Although the term "victim" is not defined for purposes of ORS 161.062, its definition under ORS 131.007, relating to victims' rights at trial and at sentencing, is

"the person or persons who have suffered financial, social, psychological or physical harm as a result of a crime * * *. In no event shall the criminal defendant be considered a victim."

We conclude that, for purposes of ORS 161.062(4), the term "victim" does not encompass either the state or the defendant where the charges involve possession of a controlled substance. Rather, ORS 161.062(4) is applicable only when repeated offenses are committed against a *personal* victim. Thus, the trial court properly refused to merge the separate convictions.

Affirmed.