Argued and submitted October 13, 1989, affirmed January 31, 1990

# STATE OF OREGON,
*Respondent,*

*v.*

# CURTISS WILLIAMS COLLINS, SR.,
*Appellant.*

## (88-20016; CA A60830)

785 P2d 1084

Jay W. Frank, Eugene, argued the cause for appellant. With him on the brief was Moule & Frank, Eugene.

Ann Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

GRABER, P. J.

## GRABER, P. J.

Defendant appeals his convictions by a jury on two counts of unlawful possession of a firearm. ORS 166.250. His assignment of error is that "[t]he trial court erred in placing defendant on probation on each count, because both counts constituted a single act or transaction." We affirm.[1]

On December 24, 1987, defendant was driving a pickup truck that he had borrowed from his brother-in-law. He and his passenger were stopped by several officers of the Springfield police department.[2] One officer asked defendant if there were any weapons in the pickup; he replied that there was a shotgun on the floorboard. The officer removed the shotgun. Then defendant consented to a search of the vehicle. The officer who conducted the search found a loaded 9mm pistol under the driver's side of the seat and a loaded .357 revolver in a holster under the passenger's side of the seat. The convictions relate to the pistol and the revolver.

■ ■ It is not clear whether defendant is arguing "true" merger or merger of punishments. "True" merger is required "when the completion of one offense necessarily includes commission of acts sufficient to constitute violation of another statute." *State v. Cloutier,* 286 Or 579, 586, 596 P2d 1278 (1979). The consequence of "true" merger is a single judgment of conviction. In this case, the concealment of one firearm did not necessarily include the concealment of the other. Two convictions were proper. *State v. Anderson,* 81 Or App 267, 725 P2d 394 (1986).

■ Defendant may, instead, be arguing that, even though he was validly convicted of two separate offenses, the relevant laws do not contemplate cumulative punishments. "The major element in assessing whether multiple statutory violations were meant to carry cumulative punishment is whether they were committed in the course of a single criminal episode joined in time, place and circumstances and directed toward a single criminal objective." *State v. Kessler,* 297 Or 460, 465, 686 P2d 345 (1984); *see also State v. Cloutier, supra,* 286 Or at

---

[1] Defendant's other assignments of error are not persuasive and require no discussion.

[2] The record is unclear concerning why the officers stopped the vehicle. However, the parties do not dispute the stop.

585-602.[3] The state counters that the legislature, in enacting ORS 161.062, superseded the case law on which defendant relies and that that statute now permits cumulative punishments.

■     ORS 161.062 provides for separate punishment for offenses arising from the same conduct or criminal episode under certain circumstances. Although ORS 161.062(4) allows separate punishment when the defendant's conduct "involves repeated violations of the same statutory provision against the same victim," it applies "only when repeated offenses are committed against a *personal* victim[,]" not when the victim is the state, as in this case. *State v. Ott,* 96 Or App 511, 514, 773 P2d 19, *rev den* 308 Or 382 (1989). (Emphasis in original.) Neither do any other portions of ORS 161.062 apply; therefore, prior case law is not superseded. *See State v. Crotsley,* 308 Or 272, 276-78, 779 P2d 600 (1989).

■     The legislature has not expressed its intent whether to punish separately convictions for possession of each firearm. Nonetheless, defendant's possession of two firearms supports two punishments. The handguns were two separate objects, and there was evidence, such as placement of the guns in different parts of the pickup, that they were concealed by separate acts. The offenses were not directed toward a single criminal objective. *State v. Kessler, supra.* The trial court properly placed defendant on probation on each count.

Affirmed.

---

[3] Although probation is not a "sentence," *see State v. Carmickle,* 307 Or 1, 762 P2d 290 (1988), it is a "punishment." *See also* ORS 161.062, which refers to "separately punishable offenses," not to "sentences."