Argued and submitted December 30, 1992, affirmed February 10, 1993

STATE OF OREGON,
*Respondent,*

*v.*

RICHARD PADILLA,
*Appellant.*

(91-05-5284-C1; CA A71568)

846 P2d 437

Eric R. Johnasen, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Kaye E. Sunderland, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant was convicted of possession of a controlled substance, three counts of delivery of a controlled substance and three counts of felon in possession of a firearm. ORS 475.992; ORS 166.270. He challenges the consecutive sentences imposed on the firearms convictions. We affirm.

During a search of defendant's residence, police found three weapons in the family room. Defendant argues that consecutive sentences could not be imposed, because all of the weapons were "located in the same place at the same time." Therefore, he contends that the charges arose out of a continuous and uninterrupted course of conduct so that consecutive sentences could be imposed only under the authority of ORS 137.123(4).[1] He argues that there is no evidence that meets the requirements of that statute. The state contends that there is evidence to support imposition of consecutive sentences under ORS 137.123(4), although it concedes that the court failed to make the requisite findings. *State v. Racicot*, 106 Or App 557, 809 P2d 726 (1991).

■ ■ We do not agree that the consecutive sentences imposed here come within ORS 137.123(4). Finding more than one weapon in a single location is not the equivalent of offenses committed in a "continuous and uninterrupted course of conduct." In *State v. Collins*, 100 Or App 311, 785 P2d 1084 (1990), the defendant argued that the court was not authorized to impose separate terms of probation on two counts of unlawful possession of a firearm, because both counts constituted a single act or transaction. We noted that

---

[1] ORS 137.123(4) provides:

"The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

"(a) That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense; or

"(b) The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury, or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course [of] conduct."

the Supreme Court in *State v. Kessler*, 297 Or 460, 465, 686 P2d 345 (1984), had said that the "major element in assessing whether multiple statutory violations were meant to carry cumulative punishment is whether they were committed in the course of a single criminal episode joined in time, place and circumstances and directed toward a single criminal objective." On the basis of that rationale we concluded:

> "[D]efendant's possession of two firearms supports two punishments. The handguns were two separate objects, and there was evidence, such as placement of the guns in different parts of the pickup, that they were concealed by separate acts. The offenses were not directed toward a single criminal objective." *State v. Collins, supra*, 100 Or App at 314.

Here, each firearm was a separate object. From the evidence that defendant had allowed his nephews to use them, it could be concluded that defendant had treated the firearms as separate objects. His conduct was not a "single act" within the ambit of ORS 137.123(4). The court did not err in imposing consecutive sentences without making the findings required by that statute.

Defendant also argues that the consecutive sentences were excessive under OAR 253-12-020. The trial court has entered an amended judgment that renders that argument moot.

Affirmed.