Argued and submitted August 17, reversed September 13, 2006

## STATE OF OREGON,
*Appellant,*

*v.*

## ROGER GLEN JOHNSON,
*Respondent.*

C900879CR; A127252

143 P3d 249

Seann C. Colgan, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

No appearance for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Leonard, Judge pro tempore.

HASELTON, P. J.

## HASELTON, P. J.

The state appeals from an order setting aside defendant's 1990 conviction for delivery of a controlled substance (cocaine), as part of a scheme or network, *former* ORS 475.992(1)(b) (1989),[1] and the records of defendant's arrest on that charge.[2] ORS 137.225. The state contends that the trial court here erroneously determined that, at the time of defendant's conviction, his crime was "punishable as either a felony or a misdemeanor, in the discretion of the court[.]" ORS 137.225(5)(c). We agree and, consequently, reverse.

The material facts are undisputed. In 1990, defendant was charged with, and pleaded guilty to, the crime of delivery of a controlled substance (cocaine), as part of a scheme or network, a Class B felony. *Former* ORS 475.992(1)(b) (1989).[3] In September 2004, defendant, who was attempting to obtain a "financial advisor's license," filed a motion pursuant to ORS 137.225 to set aside that conviction and records relating to his arrest. Defendant alleged that he satisfied the requirements for such relief under ORS 137.225(1)(a), including that he had "fully complied with and performed the sentence of the court[.]" *Id.* The state opposed that motion, arguing (as amplified below) that defendant's conviction was not of the sort that can be "expunged" under ORS 137.225(1)(a). The trial court, after observing that "this is one of those cases in the interests of justice that * * * it's the right thing to do," granted the motion.

The state's argument on appeal, as before the trial court, is straightforward: Under the applicable statutes, defendant's conviction is not the sort of conviction that can be "expunged" under ORS 137.225(1)(a). We agree.

ORS 137.225 provides, in part:

"(1)(a)   At any time after the lapse of three years from the date of pronouncement of judgment, any defendant who

---

[1] *Former* ORS 475.992 was amended several times, *see* Or Laws 1991, ch 329, § 1; Or Laws 1991, ch 460, §§ 4, 20; Or Laws 1991, ch 818, § 5; Or Laws 1995, ch 440, § 35; Or Laws 2005, ch 708, § 39, before being renumbered as ORS 475.840 in 2005.

[2] Defendant does not appear on appeal.

[3] At that time, cocaine was listed as a Schedule II controlled substance. *See State v. Ott*, 96 Or App 511, 513 n 2, 773 P2d 19, *rev den*, 308 Or 382 (1989).

has fully complied with and performed the sentence of the court and whose conviction is described in subsection (5) of this section by motion may apply to the court wherein that conviction was entered for entry of an order setting aside the conviction; * * *

"* * * * *

"(5) The provisions of subsection (1)(a) of this section apply to a conviction of:

"* * * * *

"(c) A crime punishable as either a felony or a misdemeanor, in the discretion of the court, except for: [listing inapplicable exceptions]."

Here, defendant argued to the trial court that, at the time of his 1990 guilty plea, his conviction was for "[a] crime punishable as either a felony or a misdemeanor, in the discretion of the court[.]" ORS 137.225(5)(c). As support for that proposition, defendant referred to ORS 161.705(1) (1989), *amended by* Or Laws 2005, ch 708, § 48. That statute, in turn, provided:

"(1) Notwithstanding ORS 161.525, the court may enter judgment of conviction for a Class A misdemeanor and make disposition accordingly when:

"(a) A person is convicted of any Class C felony; or

"(b) A person is convicted of a Class B felony pursuant to ORS 475.992(2)(a); or

"(c) A person is convicted of the Class B felony of possession of marijuana pursuant to ORS 475.992(4)(a); or

"(d) A person convicted of any of the felonies described in paragraphs (a) to (c) of this subsection, or of a Class A felony pursuant to ORS 166.720, has successfully completed a sentence of probation; and

"(e) The court, considering the nature and circumstances of the crime and the history and character of the defendant, believes that it would be unduly harsh to sentence the defendant for a felony."

Defendant contended that his crime could have been punished as a misdemeanor under either paragraph (1)(b) or paragraph (1)(e).

The state argued before the trial court, and reiterates on appeal, that defendant's conviction did not fall within either of those provisions. First, paragraph (1)(b) pertained solely to convictions "pursuant to ORS 475.992(2)(a)[.]" *Former* ORS 475.992(2)(a) (1989) provided:

"(2) Notwithstanding the placement of marijuana in a schedule of controlled substances under ORS 475.005 to 475.285, 475.295 and 475.940 to 475.995:

"(a) Any person who delivers marijuana for consideration is guilty of a Class B felony."

Thus, that provision explicitly applied only to Class B felony convictions for delivery of *marijuana*. Because defendant's conviction was for delivery of cocaine, *former* ORS 475.992(2)(a) (1989) was inapposite.

Second, paragraph (1)(e) was not a "stand-alone" provision. That is, it did not authorize a trial court in 1990 to treat any felony as a misdemeanor based solely on the court's assessment of the "nature and circumstances of the crime and the history and character of the defendant[.]" ORS 161.705(1)(e) (1989). Rather, that provision was explicitly conjunctive; it was preceded by "and," linking it to the four preceding disjunctive provisions, paragraphs (1)(a) to (1)(d). Thus, a court could reduce a felony to a Class A misdemeanor only if (1) the defendant's crime fell within one of the paragraphs, (1)(a) to (1)(d); and (2) the court determined that, in the totality of the circumstances, "it would be unduly harsh to sentence the defendant for a felony." ORS 161.705(1)(e) (1989).[4] Here, the first of those conjunctive requirements was

---

[4] That conjunctive relationship continues in the present version of ORS 161.705, which provides:

"Notwithstanding ORS 161.525, the court may enter judgment of conviction for a Class A misdemeanor and make disposition accordingly when:

"(1)(a) A person is convicted of any Class C felony;

"(b) A person is convicted of a Class B felony pursuant to ORS 475.860(2);

"(c) A person is convicted of the Class B felony of possession of marijuana pursuant to ORS 475.864(2); or

"(d) A person convicted of any of the felonies described in paragraphs (a) to (c) of this subsection, or of a Class A felony pursuant to ORS 166.720, has successfully completed a sentence of probation; and

"(2) The court, considering the nature and circumstances of the crime and the history and character of the defendant, believes that it would be unduly harsh to sentence the defendant for a felony."

not satisfied. Accordingly, the court erred in determining, for purposes of ORS 137.225(5)(c), that defendant's 1990 conviction could have been reduced to a misdemeanor pursuant to ORS 161.705(1)(e) (1989).

Reversed.