Submitted November 6, reversed and remanded for merger of convictions for identity theft and for resentencing; otherwise affirmed December 9, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ALASDAIR MICHAEL SEAN MAC DONALD,
*Defendant-Appellant.*

Multnomah County Circuit Court
080532351; A139752

222 P3d 718

Peter Gartlan, Chief Defender, and Ernest G. Lannet, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Cecil A. Reniche-Smith, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for five counts of identity theft (Counts 1, 3, 4, 5, and 6), ORS 165.800, and one count of first-degree theft (Count 2), ORS 164.055. The five counts of identity theft arose from defendant's possession of the victim's wallet, which contained various forms of the victim's personal identification. On appeal, defendant contends that "[t]he trial court erred in failing to merge Counts 1, 3, 4, 5, and 6 into one conviction of identity theft." According to defendant, "[b]ecause [his] conduct constituted multiple violations of the same statutory provision, harmed the same victim, and was simultaneous rather than separated by any pause," the trial court should have merged the identity theft convictions.

The state concedes that the trial court erred in that regard. We agree and accept the concession. ORS 161.067(3) ("When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent."); *State v. Merrick*, 224 Or App 471, 472-73, 197 P3d 624 (2008) (holding that ORS 161.067(3) required the merger of the defendant's three convictions for first-degree possession of a forged instrument arising from one occasion when the defendant possessed several counterfeit bills).

Reversed and remanded for merger of convictions for identity theft and for resentencing; otherwise affirmed.