Submitted May 7, convictions for identity theft reversed and remanded with instructions to enter a judgment of conviction for one count of identity theft and for resentencing; otherwise affirmed June 30, 2010

## STATE OF OREGON,
### *Plaintiff-Respondent,*

*v.*

## SHANELLE RAE HATHAWAY,
### *Defendant-Appellant.*

### Washington County Circuit Court
### C082588CR; A141732

234 P3d 1086

Peter Gartlan, Chief Defender, and Elizabeth Corbridge Ranweiler, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Cecil A. Reniche-Smith, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Sercombe, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted of five counts of identity theft, ORS 165.800, and one count of giving false information to a peace officer for arrest on a warrant, ORS 162.385(1)(b). The identity theft counts were based on defendant's possession of the victim's purse, which contained five different forms of the victim's personal identification. The court entered a conviction for each count of identity theft. On appeal, defendant contends that the trial court erred in entering those separate convictions and that the identity theft convictions should have merged. In defendant's view, this case is indistinguishable from *State v. Mac Donald*, 232 Or App 431, 432, 222 P3d 718 (2009), a case in which we held that the defendant's possession of the victim's wallet, which contained various different forms of personal identification, constituted a single criminal episode for the purposes of merger of convictions. The state concedes that the trial court erred in entering the separate convictions in this case.

Because defendant is correct that *Mac Donald* is on point, we agree with the parties that the court should have merged the convictions. Accordingly, the case must be remanded for merger of the identity theft convictions.

Convictions for identity theft reversed and remanded with instructions to enter a judgment of conviction for one count of identity theft and for resentencing; otherwise affirmed.