Submitted August 2, affirmed October 5, 2011, petition for review denied April 5, 2012 (351 Or 678)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JERAY ODELL BELL,
*Defendant-Appellant.*

Multnomah County Circuit Court
090732806; A144664

264 P3d 182

Peter Gartlan, Chief Defender, and David C. Degner, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Brewer, Chief Judge, and Edmonds, Senior Judge.

EDMONDS, S. J.

**EDMONDS, S. J.**

Defendant appeals three convictions for felon in possession of a firearm under ORS 166.270. We affirm for the reasons explained below.

Defendant's convictions resulted from a search by police of his residence during which three firearms were discovered in separate places. Defendant stated to the police that he had acquired each firearm from a different person. At trial, he stipulated that he had a recent felony conviction that disqualifies him from legally possessing a firearm. After he was found guilty, defendant argued that the guilty verdicts should merge into one conviction based on our holding in *State v. Mac Donald*, 232 Or App 431, 222 P3d 718 (2009), and ORS 161.067(3).[1] The trial court rejected defendant's argument, ruling that there was evidence of a sufficient pause in defendant's criminal conduct to afford him an opportunity to renounce his criminal intent as to the possession of each firearm.

On appeal, defendant renews his argument that the trial court erred when it failed to merge the guilty verdicts into one conviction. According to defendant, the issue is governed by ORS 161.067(3) and the above circumstances can only give rise to a single conviction under that statute, because the record before the trial court is devoid of any evidence that he "possessed one firearm and then the other two at different times, [or] that [he] 'paused' after possessing one firearm and later, after a sufficient time to renounce that crime, possessed a second firearm and then again after sufficient time, possessed the third."

The state initially responds that ORS 161.067(3) is inapplicable because the statute does not contemplate a "personal" victim. Relying on our holding in *State v. Ott*, 96 Or App 511, 514, 773 P2d 19, *rev den*, 308 Or 382 (1989), the state contends that ORS 161.067(3) is only applicable when

---

[1] In *Mac Donald*, the defendant was convicted of five counts of identity theft arising from his possession of a wallet that contained various forms of a single victim's personal identification. The state conceded that the convictions should have been merged into one conviction under ORS 161.067(3), and we accepted that concession in light of our holding in *State v. Merrick*, 224 Or App 471, 472-73, 197 P3d 624 (2008).

repeated offenses are committed against personal victims and, therefore, by default, there is no merger required by ORS 161.067(3) or by any other statute. Alternatively, the state argues that, if ORS 161.067(3) governs the issue, the requirements of the statute are satisfied because each possession of a firearm was discrete in nature.

Defendant counters that *Ott* is distinguishable on its facts. Alternatively, defendant contends that *Ott* was erroneously decided because it relied on a statutory definition of the word "victim" in ORS 131.007, which does not expressly apply to ORS 161.067(3). Regardless, defendant ultimately contends that the holding in *Ott* was implicitly overruled by the Supreme Court's holding in *State v. White*, 346 Or 275, 211 P3d 248 (2009).

Our analysis, in light of the parties' arguments, begins with the text of ORS 161.067(3). It provides, in part:

> "When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent."

We consider first whether the disposition of this case is controlled by our holding in *Ott*. In *Ott*, we decided whether *former* ORS 161.062 (1989), *repealed by* Or Laws 1999, ch 136, § 1, applied to the defendant's circumstances—conviction of two counts of possession of a controlled substance (methamphetamine and cocaine). *Former* ORS 161.062 contained language identical to the language in ORS 161.067(3), but the latter provision was enacted after the defendant committed the offenses for which he was convicted. We held that *former* ORS 161.062(4) was inapplicable because,

> "for purposes of [*former*] ORS 161.062(4), the term 'victim' does not encompass either the state or the defendant where the charges involve possession of a controlled substance.

Rather, [*former*] ORS 161.062(4) is applicable only when repeated offenses are committed against a *personal* victim."

*Ott*, 96 Or App at 514 (emphasis in original).

In *State v. Collins*, 100 Or App 311, 785 P2d 1084 (1990), the defendant appealed two convictions of unlawful possession of a firearm under ORS 166.250.[2] The firearms were concealed in a vehicle operated by the defendant. Relying on *Ott*, we held that the defendant's possession of each firearm supported the imposition of separate convictions under *former* ORS 161.062(4) because the victim was the state and not a personal victim. *Collins*, 100 Or App at 314. Nonetheless, defendant points out that the current version of ORS 131.007 does not include a definition of "victim" for purposes of ORS 161.067(3). That statute provides:

"As used in ORS 40.385, 135.230, 135.970, 147.417, 147.419 and 147.421 and in ORS chapters 136, 137 and 144, except as otherwise specifically provided or unless the context requires otherwise, 'victim' means the person or persons who have suffered financial, social, psychological or physical harm as a result of a crime and includes, in the case of a homicide or abuse of corpse in any degree, a member of the immediate family of the decedent and, in the case of a minor victim, the legal guardian of the minor. In no event shall the criminal defendant be considered a victim."

We conclude that we need not decide whether *Ott* and *Collins* were correctly decided under *former* ORS 161.062(4) even though, as defendant points out, ORS 131.007 does not expressly provide a definition for the word "victim" for purposes of ORS 161.067(3).[3] *See State v. Jones*, 339 Or 438, 444, 121 P3d 657 (2005) (holding that, when a definitional statute expressly provides the statutes to which it applies, that definition is inapplicable to nonlisted statutes). Rather, we agree with the state's alternative argument. In that respect, our analysis is informed by part of our reasoning in *Collins*. Apart from our analysis under *former*

---

[2] ORS 166.250(1)(b) makes it unlawful to possess a concealed firearm within a vehicle.

[3] Since 1989, ORS 131.007 has been amended to provide a definition for "victim" that is applicable to other statutes, but those additions do not include ORS 161.067(3).

ORS 161.062(4), we reasoned in *Collins* that the evidence concerning the defendant's possession of two firearms supported two separate convictions. We explained:

> "The handguns were two separate objects, and there was evidence, such as placement of the guns in different parts of the pickup, that they were concealed by separate acts. The offenses were not directed toward a single criminal objective."

100 Or App at 314.

Here, similarly, the record establishes that defendant's acts of possession of the firearms were separate acts. He obtained each firearm from a different person at a different time and then stored each firearm in a different location within his residence. These facts demonstrate, as the trial court ruled, that defendant had the opportunity to renounce his criminal intent at each juncture. Consequently, ORS 161.067(3) authorized separate convictions for the possession of each firearm.

Affirmed.