Argued and submitted September 14, 2011, affirmed on appeal and cross-appeal
May 2, petition for review denied September 13, 2012 (352 Or 378)

STATE OF OREGON,
*Plaintiff-Appellant
Cross-Respondent,*

*v.*

GILBERT ANDREW TORRES,
aka Gilbert Torre,
*Defendant-Respondent
Cross-Appellant.*

Multnomah County Circuit Court
090632436; A144812

277 P3d 641

Timothy A. Sylwester, Attorney-in-Charge, Capital Cases, argued the cause for appellant-cross-respondent. With him on the opening brief were John R. Kroger, Attorney General, and David B. Thompson, Interim Solicitor General. With him on the answering brief on cross-appeal were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Anne Fujita Munsey, Senior Deputy Public Defender, argued the cause for respondent-cross-appellant. With her on

the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Before Brewer, Presiding Judge, and Haselton, Chief Judge,* and Gillette, Senior Judge.

BREWER, P. J.

---

* Haselton, C. J., added pursuant to ORS 2.570(2)(b).

**BREWER, P. J.**

The state appeals from a judgment merging into a single conviction defendant's convictions on 21 counts of felon in possession of a firearm. ORS 166.270. On appeal, the state argues that the trial court erred in merging defendant's convictions because the charged offenses are "victimless crimes," and ORS 161.067(3), the statute upon which the court relied in merging the convictions, applies only to crimes having a "personal" victim. For the reasons that follow, we conclude that the trial court properly merged defendant's convictions. Defendant cross-appeals, and we reject his contentions on cross-appeal without further discussion in light of *State v. Rainoldi*, 351 Or 486, 268 P3d 568 (2011) (prosecution not required to prove defendant acted with culpable mental state in prosecution for violation of ORS 166.270). Accordingly, we affirm on appeal and cross-appeal.

Defendant was convicted of felony possession of marijuana in 2006. On June 4, 2009, police arrived at defendant's wife's residence, where defendant had been periodically staying in the basement, in response to a call for emergency assistance. Defendant met the responding officers outside the house. An officer went into the basement and found a partially open gun safe; inside were 21 firearms. When questioned, defendant admitted to being a felon, and he told an officer that he knew that he was not "supposed to be in possession of firearms." Defendant also admitted that he knew the combination to the gun safe, that it usually was left unlocked, and that he had been living in the basement. Defendant also told the officer that the firearms "belonged to the family." Defendant was taken into custody and subsequently indicted on 21 counts of felon in possession of a firearm. A jury convicted defendant of all 21 charged counts.

At his sentencing hearing, defendant asked the court to merge all of the offenses into a single conviction under ORS 161.067(3), on the ground that he had committed all of the offenses at the same time and place. The prosecutor urged the court to follow this court's decisions in *State v. Ott*, 96 Or App 511, 773 P2d 19, *rev den*, 308 Or 382 (1989), and *State v. Collins*, 100 Or App 311, 785 P2d 1084 (1990), and to decline to merge the convictions because the victim in this

case was not a person and, thus, ORS 161.067(3) did not apply. The court agreed with defendant and merged the convictions.

The state renews its argument on appeal that the trial court erred in merging defendant's convictions under ORS 161.067(3) because that statute is inapplicable where the victim is not a person. The state relies on this court's decision in *Collins*, where we held, following *Ott*, that *former* ORS 161.062, the statutory predecessor of ORS 161.067(3), did not apply to convictions for unlawful possession of a firearm under ORS 166.250 because (1) the victim of a defendant's violation of that statute was "the state" and (2) *former* ORS 161.062 applied only to crimes having a "personal" victim. *Collins*, 100 Or App at 314. *See also Ott*, 96 Or App at 514 (holding *former* ORS 161.062 inapplicable to convictions for possession of controlled substances because the victim of a defendant's act of possession was the state). The state argues that the definition of "victim" set out in ORS 131.007 applies to ORS 161.067(3) and, thus, the term "victim" in ORS 161.067(3) encompasses only "personal" victims.[1] In response, defendant, among other things, contends that the definition of "victim" in Article I, section 44, of the Oregon Constitution, applies here, so that the term "victim" in ORS 161.067(3) must encompass nonperson victims such as the state.[2]

---

[1] ORS 131.007 provides:

"As used in ORS 40.385, 135.230, 135.970, 147.417, 147.419 and 147.421 and in ORS chapters 136, 137 and 144, except as otherwise specifically provided or unless the context requires otherwise, 'victim' means the person or persons who have suffered financial, social, psychological or physical harm as a result of a crime and includes, in the case of a homicide or abuse of corpse in any degree, a member of the immediate family of the decedent and, in the case of a minor victim, the legal guardian of the minor. In no event shall the criminal defendant be considered a victim."

[2] Article I, section 44, of the Oregon Constitution provides, in pertinent part:

"(3) As used in this section, 'victim' means any person determined by the prosecuting attorney to have suffered direct financial, psychological or physical harm as a result of a crime and, in the case of a victim who is a minor, the legal guardian of the minor. In the event no person has been determined to be a victim of the crime, the people of Oregon, represented by the prosecuting attorney, are considered to be the victims. In no event is it intended that the criminal defendant be considered the victim."

The parties' arguments present a question of the proper interpretation of ORS 161.067(3) and ORS 166.270. That is a question of law, governed by the principles set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), and *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009). Our goal is to determine the intended meaning of the statute by examining its text in context along with relevant legislative history and, if necessary, other aids to construction. *Gaines*, 346 Or at 171-73.

ORS 161.067(3) provides, in pertinent part:

> "When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent."

As an initial matter, we note that both the state and defendant propose differing constructions of the term "victim" in ORS 161.067(3) based on various definitional statutes and constitutional provisions. As those varying definitions demonstrate, the meaning of "victim" is not fixed; rather, it is context specific. Depending on the legislature's intent, it can refer, among other variations, to persons, the state, or the public at large. Thus, determining the identity of the pertinent victim, for purposes of merger under ORS 161.067, requires an examination of the specific substantive statute defining the relevant offense—here, ORS 166.270. *See State v. Glaspey*, 337 Or 558, 563, 100 P3d 730 (2004) (so holding with regard to the defendant's convictions for fourth-degree assault, ORS 163.160). In *Glaspey*, the Supreme Court held that, because ORS 161.067(2) applied solely where a defendant's conduct violated "only one statutory provision," ORS 161.067(2) "invest[ed] the term 'victim' with the same meaning that it has for the relevant substantive statutory provision that defines the offense." *Id.* at 567; *see also State v. Mullen*, 245 Or App 671, 675, 263 P3d 1146 (2011) ("In determining whether defendant's conduct involved 'two or more

victims' under ORS 161.067(2) we look to the substantive statute that defines the crime."); *State v. Sanchez-Alfonso*, 224 Or App 556, 198 P3d 946 (2008), *rev den*, 346 Or 258 (2009) (same).[3]

The limitation of ORS 161.067(3) to circumstances where a defendant's conduct violates "only one statutory provision" is identical to the text of ORS 161.067(2) that the Supreme Court construed in *Glaspey*. Accordingly, we apply the reasoning of *Glaspey* to determine the meaning of "victim" in ORS 161.067(3). Doing so requires a determination of who is the "victim" of a defendant's violation of ORS 166.270.

Applying the reasoning of *Glaspey* to ORS 161.067(3) demonstrates our analytical error in *Collins*. In that case, we concluded that the victim of the defendant's violation of ORS 166.250 was "the state." Because the state was not a "personal victim," we concluded that there had been no victim at all for purposes of merger under *former* ORS 161.062(4). *Collins*, 100 Or App at 314. The source of the "personal victim" notion in *Collins* was our reliance in *Ott* on the definition of "victim" set out in ORS 131.007. *Ott*, 96 Or App at 514. Viewed in light of *Glaspey*, our equation of "victims" with personal victims" in *Ott* and *Collins* was untenable because nothing in the underlying criminal statutes at issue in those cases distinguished between person victims and nonperson victims. *See* ORS 166.250; *former* ORS 475.992(4); *see also Ott*, 96 Or App at 514. Accordingly, we overrule that untenable construct[4] and apply the Supreme Court's controlling analysis to the problem at hand.[5]

---

[3] ORS 161.067(2) provides:

"When the same conduct or criminal episode, though violating only one statutory provision involves two or more victims, there are as many separately punishable offenses as there are victims. However, two or more persons owning joint interests in real or personal property shall be considered a single victim for purposes of determining the number of separately punishable offenses if the property is the subject of one of the following crimes[.]"

[4] In *State v. Bell*, 246 Or App 12, 16-17, 264 P3d 182 (2011), we examined our holdings in *Ott* and *Collins* but concluded that "[w]e need not decide whether *Ott* and *Collins* were correctly decided under *former* ORS 161.062(4)," because "[the] facts demonstrate, as the trial court ruled, that defendant had the opportunity to renounce his criminal intent at each juncture." Accordingly, "ORS 161.067(3) authorized separate convictions for the possession of each firearm."

[5] This is not to say that there can exist no distinction between "personal" and "non-personal" victims for purposes of merger under ORS 161.067. We merely hold

Again, we construe ORS 166.270(1) under the familiar framework set out in *PGE* and *Gaines*. ORS 166.270(1) provides:

> "Any person who has been convicted of a felony under the law of this state or any other state, or who has been convicted of a felony under the laws of the Government of the United States, who owns or has in the person's possession or under the person's custody or control any firearm commits the crime of felon in possession of a firearm."

The statute does not expressly identify the victim of a violation of the prohibition on being a felon in possession of a firearm. Neither do any of the related statutes that also prohibit the possession of firearms in certain circumstances, or by certain persons, ORS 166.250 (unlawful possession of a firearm), or the carrying of concealed weapons, ORS 166.240, or the possession of particular kinds of firearms, ORS 166.272 (unlawful possession of a machine gun). Where a statute does not "expressly identify the person who qualifies as a 'victim,' [we] examine[ ] the statute to identify the gravamen of the crime and determine the class of persons whom the legislature intended to directly protect by way of the criminal proscription." *State v. Moncada*, 241 Or App 202, 212, 250 P3d 31 (2011), *rev den*, 351 Or 545 (2012).

The gravamen of the crime of felon in possession of a firearm is the possession of a firearm by "any person who has been convicted of a felony." Thus, it is the person's status as a felon that renders their possession of the firearm unlawful. As the Supreme Court explained in *State v. Hirsch/Friend*, 338 Or 622, 678-79, 114 P3d 1104 (2005),

> "[i]n devising Oregon's Criminal Code, the legislature adopted the familiar term from the common law, 'felony,' to describe the class of crimes that represent the most serious kinds of antisocial behavior. The legislature punishes felonies only as the result of a criminal prosecution, and it has authorized the imposition on convicted felons the most serious punitive sanctions in the legislative arsenal, ranging up to long-term imprisonment and death. * * * [C]onviction of a 'felony' signifies a breach of society's most essential rules

that any such distinction must inhere in the underlying substantive criminal statute.

for obligatory conduct—rules that are central to *the legislative task of protecting the public from violence* and various forms of abuse."

(Emphasis added.) The court concluded that, "in enacting ORS 166.270, the legislature acted within its proper authority to restrict the possession of arms by members of a group whose conduct demonstrates an identifiable threat to *public safety*." *Id.* at 679 (emphasis added). It follows that the "class of persons whom the legislature intended to directly protect by way of the criminal proscription" on the possession of firearms by felons in ORS 166.270 is the public at large. *Moncada*, 241 Or App at 212; *cf. Goodness v. Beckham*, 224 Or App 565, 576, 198 P3d 980 (2008) (victim of initiating false report, ORS 162.375(1), is the public, not the person about whom the false report was initiated).

Consistently with that understanding, the public is a single collective "victim" of a violation of ORS 166.270 for purposes of merger under ORS 161.067(3). Accordingly, if the other requirements of ORS 161.067(3) were satisfied, defendant's convictions must be merged. Because our review of the record demonstrates that those requirements were satisfied, and the state does not contend otherwise, we conclude that the trial court properly merged defendant's convictions.

Affirmed on appeal and cross-appeal.