Submitted April 30, reversed and remanded with instructions to merge guilty verdicts on Counts 1 and 2 into a single conviction for felon in possession of a firearm and for resentencing; otherwise affirmed June 6, petition for review denied October 4, 2012 (352 Or 564)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PATRICK KINLEY CURNUTTE,
*Defendant-Appellant.*

Jackson County Circuit Court
101157FE; A145604

280 P3d 398

Peter Gartlan, Chief Defender, and Marc D. Brown, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Haselton, Chief Judge, and Duncan, Judge.

PER CURIAM

## PER CURIAM

Defendant was convicted, based on a jury verdict, of two counts of felon in possession of a firearm, ORS 166.270. The convictions arose from a controlled buy in which defendant purported to sell two different firearms to a police informant. On appeal, defendant asserts that the trial court erred in failing to merge the guilty verdicts into a single conviction under ORS 161.067(3). That statute provides, in part:

> "When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent."

ORS 161.067(3). According to defendant, "because [he] was charged under the same statutory provision for both counts, the state was the victim in both cases, and there was not a sufficient pause between possessing each gun, the trial court erred when it denied defendant's request for merger of the guilty verdicts." In response, the state argues that the trial court correctly did not merge the verdicts because ORS 161.067(3) applies "only if the crimes at issue involved a 'victim' who was a *person* and does not apply where, as here, the crimes are victimless crimes." (Emphasis in original.) We recently rejected the state's argument in *State v. Torres*, 249 Or App 571, 578, 277 P3d 641 (2012), in which we held that "the public is a single collective 'victim' of a violation of ORS 166.270 for purposes of merger under ORS 161.067(3)." Thus, to be separately punishable under ORS 161.067(3), each of defendant's crimes—that is, each "possession," must have been separated from the others "by a sufficient pause * * * to afford the defendant an opportunity to renounce the criminal intent." The state does not contend that the record would support a finding of a sufficient pause in defendant's possession of the two firearms, nor is there evidence in the record to support such a finding. Accordingly, the trial court erred in

failing to merge defendant's guilty verdicts on the felon in possession charges.

Defendant also argues that the trial court erred in instructing the jury that it could reach a nonunanimous verdict and in accepting the jury's nonunanimous verdict. We reject those arguments without discussion. *See State v. Cobb*, 224 Or App 594, 596-97, 198 P3d 978 (2008), *rev den*, 346 Or 364 (2009); *State v. Bowen*, 215 Or App 199, 168 P3d 1208 (2007), *adh'd to as modified on recons*, 220 Or App 380, 185 P3d 1129, *rev den*, 345 Or 415 (2008), *cert den*, ___ US ___, 130 S Ct 52 (2009).

Reversed and remanded with instructions to merge guilty verdicts on Counts 1 and 2 into a single conviction for felon in possession of a firearm and for resentencing; otherwise affirmed.