Submitted May 30, convictions on counts 5 and 6 reversed and remanded with instructions to enter a judgment of conviction for one count of unlawful possession of a controlled substance and for resentencing; otherwise affirmed July 2, appellant's petition for reconsideration filed July 14, allowed by opinion August 27, 2014
See 265 Or App 222, 333 P3d 1250 (2014)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JAMIE MARIE ANDERSON,
*Defendant-Appellant.*

Washington County Circuit Court
C112615CR; A152628

331 P3d 1052

Peter Gartlan, Chief Defender, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Tiffany Keast, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

**PER CURIAM**

Defendant appeals a judgment convicting her of unlawful delivery of heroin, ORS 475.850; unlawful possession of heroin, ORS 475.854; unlawful possession of methamphetamine, ORS 475.894; and two counts of unlawful possession of a controlled substance, *former* ORS 475.840(3) (2009), *renumbered as* ORS 475.752(3) (2011). She assigns error to the trial court's entry of separate convictions for the two counts of unlawful possession of a controlled substance, arguing that, under *State v. Torres*, 249 Or App 571, 277 P3d 641, *rev den*, 352 Or 378 (2012), and ORS 161.067(3), the trial court committed plain error when it entered multiple convictions for defendant's possession of oxycodone and methadone, because her conduct violated one statutory provision, involved one victim, and was not separated by any pause.

The state acknowledges that, because the record contains no evidence that defendant obtained the oxycodone and methadone from different people or at different times, the trial court committed error by entering multiple convictions on those counts. *Cf. State v. Bell*, 246 Or App 12, 16-17, 264 P3d 182 (2011), *rev den*, 351 Or 678 (2012) (multiple convictions for felon in possession of a firearm proper when evidence showed defendant obtained firearms from different people at different times). We agree, and, for the reasons set forth in *State v. Ryder*, 230 Or App 432, 435, 216 P3d 895 (2009), we conclude that it is appropriate to exercise our discretion to correct the error in this case.

Defendant also assigns error to the trial court's denial of her venue-based motion for a judgment of acquittal on all counts, arguing that, under *State v. Mills*, 354 Or 350, 312 P3d 515 (2013), she is entitled to a remand for an evidentiary hearing on venue. In *Mills*, the Supreme Court held that venue is not a material element of an offense that the state must prove beyond a reasonable doubt and that, when the issue of venue is not raised before trial, it is deemed waived. *Id.* at 372. Although the *Mills* defendant had not challenged venue before trial, the court reversed the defendant's convictions and remanded to the trial court so that the defendant would have an opportunity to challenge

venue. *Id.* at 373-74. It did so because it concluded that "it would be unfair to [the] defendant to hold that he [had] *forfeited the opportunity to challenge venue*, in light of the fact that the law in effect at the time of trial permitted him to wait until the state rested to raise the issue." *Id.* at 373 (emphasis added).

Like the defendant in *Mills*, defendant waited until trial to challenge venue. However, unlike the defendant in *Mills*, who simply moved for a judgment of acquittal based on the state's failure to introduce evidence on venue, defendant affirmatively contested venue at trial. Accordingly, the unfairness that necessitated the remand in *Mills—viz.*, to avoid a forfeiture of the defendant's opportunity to challenge venue—is not present in this case. Here, the state presented evidence on venue at trial, and defendant contested that evidence and put on venue evidence of her own. Accordingly, we do not believe that remand on the issue of venue is appropriate in this case.

Convictions on counts 5 and 6 reversed and remanded with instructions to enter a judgment of conviction for one count of unlawful possession of a controlled substance and for resentencing; otherwise affirmed.