Submitted January 8, reversed and remanded with instructions to merge the guilty verdicts on Counts 1 through 13 into a single conviction for felon in possession of a firearm and for resentencing, otherwise affirmed April 6, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT WAYNE ROSENSTIEL,
*Defendant-Appellant.*

Douglas County Circuit Court
13CR2420FE; A156944

370 P3d 1272

Peter Gartlan, Chief Defender, and Robin A. Jones, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

PER CURIAM

## PER CURIAM

In a single assignment of error, defendant asserts that the trial court erred when it failed to merge guilty verdicts for 13 counts of felon in possession of a firearm into one conviction. A jury found defendant guilty of 13 counts of the crime based on evidence that he constructively possessed 13 firearms by living in the house where his wife and her brother had placed the firearms at an unspecified time.

The trial court entered a conviction on the first count, and merged the verdicts on Counts 3 through 13 with the verdict on Count 2, and entered a second conviction. On appeal, defendant asserts that, under ORS 161.067, the trial court should have merged all guilty verdicts into a single conviction. For purposes of this appeal, that statute requires merger of multiple guilty verdicts based on conduct that violates "only one statutory provision" when the conduct arises from "the same conduct or criminal episode" unless the offenses involve more than one victim or were separated by a sufficient pause that afforded defendant an opportunity to renounce his criminal intent. *See State v. Torres*, 249 Or App 571, 277 P3d 641 (2012) (discussing merger of felon in possession of a firearm verdicts).

The state concedes that defendant's conduct violated one statutory provision, involved only one victim, and arose out of the same criminal episode and that the record lacks any evidence to support a finding that a "sufficient pause" existed between any of defendant's offenses. We agree, accept the state's concession, and reverse and remand for resentencing.

Reversed and remanded with instructions to merge the guilty verdicts on Counts 1 through 13 into a single conviction for felon in possession of a firearm and for resentencing; otherwise affirmed.